## IN RE PETITION OF WILLIAM G. WALL.

Submitted February 16, 1940—Decided April 25, 1940.

For the petitioner, in *pro. per.*, *William G. Wall.*

*Amici curiæ*, *J. Henry Harrison*, *Frederick W. Gnichtel* and *Harry A. Stiles*, of the Board of Bar Examiners.

PER CURIAM.

Petitioner, a resident of this state and a licensed attorney of New York since April, 1929, applied for admission as an attorney-at-law of this state, and took the bar examinations on April 13th and 14th, 1939, but failed to pass. He applied for leave to take the October examination and was advised by the examiners that he was required to serve an additional clerkship of four months, pursuant to rule 9-a of the Supreme Court. By petition filed September 11th, 1939, he applied to the court for a review and re-marking of his papers. The court acceded to his request, reviewed the papers, and concurred in the finding of the examiners. Petitioner asked a reconsideration by the court, which was granted and was had without change in the result. This conclusion of the Supreme Court petitioner in his brief in this court (there was no oral argument) challenges as erroneous, and asks this court to review the papers, reverse the finding of the examiners and of the Supreme Court thereon, and in effect direct the Supreme Court to recommend him for a license as attorney.

Another branch of the case is that assuming our refusal to re-examine the papers and adjudge their sufficiency (or con-

ceivably our review on the merits with adverse result) petitioner claims error in the application of the Supreme Court rules in that the examiners and the court held that a further clerkship of four months in the office of a counselor is necessary before again taking the examination. Without conceding for a moment the correctness of this claim, it is sufficient to point out that by immemorial usage the sole power to control the examination of candidates for the bar has resided in the Supreme Court, immune to legislative interference, by virtue of the last sentence of paragraph 1 of article X of the State Constitution, which reads: "The several courts of law and equity, except as otherwiseherein provided, shall continue with the like powers and jurisdiction as if this constitution had not been adopted." *In re Branch,* 70 *N. J. L.* 537, 574, 575.

The case of *In re Hahn,* 85 *N. J. Eq.* 510, is in nowise to the contrary; for in that case the Court of Chancery went outside its jurisdiction and undertook to exercise that of the Supreme Court in disciplining a practitioner, to the impairment of his constitutional rights.

This court having no jurisdiction of the subject-matter, the appeal will be dismissed.

*For dismissal*—THE CHIEF JUSTICE, PARKER, BODINE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.